NO. 07-07-0266-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 21, 2009



______________________________



JAIME TREVINO, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 379TH DISTRICT COURT OF BEXAR COUNTY;



NO. 2004CR6365; HONORABLE BERT RICHARDSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


CONCURRING AND DISSENTING OPINION



 I agree with the majority's disposition of Appellant's points of error three through six;
however, I write separately to express my opinion that the trial court erred by failing to
permit Appellant to withdraw his plea of guilty. See art. 26.13(2), Tex. Code Crim. Proc.
Ann. (Vernon Supp. 2009). As stated in the majority opinion, the trial court implicitly found
that it had "accepted" the plea agreement, making it a binding agreement between the
State and Appellant. State v. Moore, 240 S.W.3d 248 (Tex.Crim.App. 2007). However,
rather than follow that agreement as to punishment, the trial court found Appellant violated
a non-existent condition that he be a "viable" witness. In doing so, the trial court implicitly
rejected the negotiated plea bargain agreement and was, therefore, statutorily obligated
to permit Appellant to withdraw his plea of guilty. Having failed to do so, the trial court
erred. I would sustain Appellant's second issue and reverse and remand.



 Patrick A. Pirtle

 Justice



 WP="BR2">
Do not publish.